UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6258-CR-FERGUSON

NIGHT BOX
FILED

JAN 2 9. 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| LIDIA ESTER RAMOS, | ) |
| | ) |
| Defendant. | ) |

### GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the United States respectfully requests that the following voir dire questions be asked during jury selection, in addition to the standard questions asked by this Court in criminal trials.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court Number A5500077
500 East Broward Boulevard
Suite 700
Fort Lauderdale, Florida 33301
Telephone (954) 356-7255
Facsimile (954) 356-7336

-1-

## **GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS**

1. Have any of you, your relatives or your close friends had any contact with law enforcement officials which might prejudice you against law enforcement?

2. Have you, any of your relatives, or any of your close friends had any contact with the Drug Enforcement Administration (DEA), the Coral Gables Police Department or any other government agency that would cause you to be prejudiced against the government?

3. Does any member of the prospective jury hold a philosophical or religious belief which would make it difficult to sit in judgment of another human being?

4. Do each of you understand that regardless of any personal feelings or opinions you have about this case, that you must accept the law regarding it from the Court?

5. Will each of you follow this rule?

6. Does any member of the prospective jury conscientiously disagree with the laws that prohibit the use of marijuana and narcotics, such as cocaine?

7. Does any member of the prospective jury believe marijuana or narcotics, such as cocaine should be legalized for personal consumption or for distribution?

8. Do each of you understand that you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the Government?

9. Do each of you promise to follow this rule?

10. Do you or any of your close friends or relatives work in any drug treatment center or programs? If so,
    a. What program?
    b. What type of drug abuse is treated by the center?
    c. Would that work tend to influence you one way or another in your consideration of this case?

11. Has any member of the prospective jury, or their close friends or relatives, ever been treated for drug or alcohol abuse?
    a. What type of substance was involved?
    b. Would that experience tend to influence you one way or another in our consideration of this case?

12. Have you or any of your relatives or close friends ever:
    a. been investigated for the use of cocaine or any other drug?
    b. been stopped and searched for cocaine or any other drug?

13. Have you, or any of your relatives or close friends ever been arrested? If so, what were the circumstances?

   a. If any potential juror answers this question in the affirmative, the government respectfully requests that the Court question the potential juror regarding the circumstances, in private, at the bench, so as to avoid embarrassment to the potential juror.

14. Have you, or any of your relatives or close friends ever been charged with or convicted of a criminal offense?

   a. If any potential juror answers this question in the affirmative, the government respectfully requests that the Court question the potential juror regarding the circumstances, in private, at the bench, so as to avoid embarrassment to the potential juror.

15. Do you, any of your relatives or close friends now have, or expect to have, a case or claim against, or a dispute with the Internal Revenue Service (IRS) or any other agency of the United States government?

16. Have you or any member of your family ever been the victim of a crime? What type of crime? Were you satisfied with the way the police handled the matter? The prosecutor? The Court?

17. The government used in this investigation an informant who worked for a monetary reward and an informant who is a convicted felon whose sentence will likely be reduced by a judge after the government files a motion with the Court because of the assistance he provided to law enforcement in this and other cases. These informants worked as an agents of the government. The informants posed, as part of their jobs and totally within the scope of the law, as individuals involved in the narcotics business. Does the government's use of convicted felons as informants and the government rewarding them with sentence reduction recommendations or paying informants monetary rewards cause you any difficulty?

18. Your duty, as jurors, is to judge guilt or innocence based upon the evidence. It is my duty, as judge, to determine punishment if you vote guilty. The law does not permit you to consider the issue of punishment because there are factors having nothing to do with this trial which will determine lenience or harshness. Is there anybody here who would vote "Not Guilty" no matter what the evidence indicates, merely because of a belief that a conviction for this crime may result in a prison sentence, even though you do not know whether it will or not?

19. The law requires that your verdict be based on the facts as you find them to be from the evidence. The law does not permit you to consider any emotion such as sympathy, prejudice, vengeance, fear or hostility. Is there anybody here who feels that he or she cannot put these emotions out of his or her mind when deliberating on a verdict?

20. The Assistant United States Attorney expects to call the following witnesses on behalf of the government. [Attorney or Court should read the witness list]. Do any of you know any of these individuals?

21. If the United States proves the guilt of the defendant beyond a reasonable doubt as to each of the crimes charged, would any of you have any difficulty in returning a verdict of guilty?

22. The defendant in this case is **LIDIA ESTER RAMOS**. Do you or any members of your family or any of your close friends, to the best of your knowledge, know the defendant?

23. The government is represented by **Don Chase** in this case, and the defendant is represented by **Nelson Rodriguez**. Do you or any members of your family or any of your close friends, to the best of your knowledge, know any of these lawyers?

24. If you were in the position of the Assistant United States Attorney charged with the responsibility for prosecuting this case, do you know of any reason why you would not want to have this case tried by someone in your present frame of mind?

25. If the United States proves the guilt of the defendant beyond a reasonable doubt of the crimes charged, would any of you have any difficulty whatsoever in bringing in a verdict of guilty?

26. Do any of you have any problems with you hearing, sight or any other medical problem which would impair your ability to devote full attention to this trial?

27. Is there anybody who does not want to be a juror, for whatever reason, in this case?

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by United States mail this 29th day of January 2001 to Nelson Rodriguez, Esquire, 6780 Coral Way, Miami, Florida 33155.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

-8-