**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 00-6258-CR-FERGUSON/SNOW

UNITED STATES OF AMERICA, )
    *Plaintiff*, )
                               )
vs.                                    )
                               )
LIDIA RAMOS, )
    *Defendant*. )
_____ )



## MOTION IN OPPOSITION TO GOVERNMENT'S INTENT
## TO SUBMIT 404(B) EVIDENCE

Defendant, LIDIA RAMOS, by and through undersigned counsel, and file this objection to the Governments Notice of Intent to Introduce Evidence under F.R.Cr.P. 404(b), and moves in limine to prevent the introduction of such evidence. In support therefore Defendant states as follows:

1. The Defendant is charged with trafficking in cocaine.

2. The charges arose from cocaine found in a car that the Defendant was driving while she gave a ride to Co-Defendant Hamlet Vargas.

3. The Government is seeking to introduce evidence purporting to show that on November 17th, 1997, the Defendant was found at a gas station where a person by the name of Juan Almonte and Roberto Duran were, according to a third person named Caicedo, expecting to receive two kilograms of cocaine.

4. The Defendant was questioned by DEA agents, and released.

5. At the time, she explained that Caicedo had asked her to drive



him to the Amoco gas station.

6. The Government seeks to introduce this evidence in order to make the allegation that the Defendant's prior presence at a gas station where a drug transaction was to take place, and her having given a ride upon request by Caicedo, is relevant under admissible under 404(b).

It is well held law that, subject to specific exceptions, Rule 404(b) provides that extrinsic evidence is not admissible to prove defendant's character in order to show action in conformity therewith. Evidence of prior acts is, however, admissible if it is relevant to other material issues in the case.

In the case at bar, the evidence sought to be introduced could only relevant to show either knowledge or lack of mistake or accident. Federal Rules of Evidence 404(b). See, for example, in *Huddleston v. United States*, 485 U.S. 681 (1988), evidence that the Defendant had dealt with a possessed stolen merchandise was relevant to a prosecution of possession of stolen video tapes.

Under Rule 404(b), the test for admissibility of extrinsic evidence requires this Court to apply a three part test: First, the evidence must be relevant to an issue other than the defendant's character; Second, as part of the relevance analysis, the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act; and, third, the probative value of the evidence must not be substantially outweighed by unfair prejudice. *United States v. Calderon*, 127 F.3d 1314 (11th Cir. 1997.

Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

evidence." Where 404(b) evidence is sought to be introduced, its relevance is a function of its similarity to the offense charged. However, where the issue addressed is the defendant's intent to commit the offense charged, the relevancy of the extrinsic offense derives from the defendant's "indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses." The reasoning is that because the defendant had unlawful intent in the extrinsic offense, it is less likely that he had lawful intent in the present offense. *United States v. Johnson,* 525 F.2d 999, 1006 (2d Cir. 1975). Obviously, where the extrinsic offense is relevant to the issue of intent, it is valid only if an offense was in fact committed and the defendant in fact committed it. Therefore, as a predicate to a determination that the extrinsic offense is relevant, the Government must offer proof demonstrating that the defendant committed the offense. *See Diaz-Lizaraza,* 981 F.2d at 1216 (11th Cir. 1993). The extrinsic act in this case did not result in a conviction. The evidence sough to be introduced does not point to the fact that the Defendant had any knowledge of what was about to occur on November 17th, 1997. Instead, It only points to the Defendant's mere presence at the scene where a third party was expecting to receive cocaine. In fact, the agents at the scene released the Defendant after questioning. If the proof is insufficient, the judge must exclude the evidence because it is irrelevant. *United States v. Beechum,* 555 F.2d 487 (5th Cir. 1977).

The third prong in the analysis of the admissibility of 404(b) evidence involves a 403 determination. This requirement is in recognition that the dangers inherent in the admission of extrinsic act evidence is that the jury may convict the defendant not for the offense under indictment, but for the extrinsic Acts. See *Note, Other Crimes Evidence at Trial: Of Balancing and Other Matters,* 70 Yale L.Rev. 763, 773 (1961). This danger is particularly

great where, as here, the extrinsic activity was not the subject of a conviction. It is for fear that the jury would draw just this inference that extrinsic offense evidence is excluded when it is relevant solely to the issue of the defendant's character. "The touchstone of the trial judge's analysis in this context should be whether the Government has proved the extrinsic offense sufficiently to allow the jury to determine that the defendant possessed the same state of mind at the time he committed the extrinsic offense as he allegedly possessed when he committed the charged offense. Forcing the Government to "overpersuade" the jury that the defendant committed an offense of substantial similarity engenders excessive and unnecessary prejudice."" *United States v. Beechum*, 555 F.2d 487 (5th Cir. 1977). Additionally, in measuring probative value of evidence of extrinsic offense, this Court should not only consider overall similarity of extrinsic and charged offenses, and if they are dissimilar except for common element of intent or knowledge, the extrinsic evidence suffer from little probative value to counterbalance inherent prejudice of such evidence. *Id.*[1]

**WHEREFORE**, as the Government has failed to provide evidence to show that the Defendant had any criminal or illegal intent at the time of the November 17th, 1997 incident, and is only seeking to introduce the evidence to impugn the character and reputation of the Defendant in order to show action in conformity therewith, this Court should grant this Motion in limine and not allow the introduction of the suggested evidence.

---

[1] The case at bar also involves the issue of the voluntariness of the statement given on Nov. 17th, 1997. The record fails to show that the Defendant had been Mirandized prior to the statement being taken.

Respectfully submitted

Nelson Rodriguez-Varela, Esq.
Counsel for Defendant
6780 Coral Way
Miami, Fl. 33155
Tel: (305) 261-4000
Fl. Bar No. 876739

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this ___ day of March, 2001 to: Donald Chase, AUSA, 500 East Broward Blvd., Suite 700, Ft. Lauderdale, Florida 33394.

BY: _____
Nelson Rodriguez-Varela, Esq.