UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6258-CR-FERGUSON



UNITED STATES OF AMERICA )
)
v. )
)
LIDIA RAMOS, )
)
            Defendant. )
_____)

### UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE 404(B) EVIDENCE

The United States of America, by and through the undersigned United States Attorney, files this response in opposition to defendant's Motion In Limine and shows this Honorable Court that the proffered similar act evidence is admissible for the following reasons:

> EVIDENCE OF A PRIOR SIMILAR CRIME IS ADMISSIBLE TO ESTABLISH THE DEFENDANT'S REQUISITE CRIMINAL INTENT AND DEFEAT THE ANTICIPATED SPURIOUS DEFENSE OF DUPED PARTICIPANT.

Wherefore, for the foregoing reason, the United States of America respectfully requests an order issue denying the defendant Ramos' Motion In Limine to exclude the admission of 404(B) similar act evidence.

### ARGUMENT

I. **PREDICATE FACTUAL BASIS FOR ADMISSIBILITY OF 404(B) EVIDENCE.**

    A.   The Pending Indictment

The indictment charges the defendant with conspiring to possess with the intent to distribute cocaine and possession with the intent to distribute cocaine. The defendant was arrested after transporting a vehicle left by two informants in a parking lot to a house where

-1-

10 kilograms of cocaine concealed inside a dog food bag was placed in the trunk of the vehicle, and returning the cocaine laden car to where it was originally parked to allow the informants to take delivery of the cocaine. In an oral post-arrest statement, the defendant admitted knowing cocaine was going to be in the white Chevrolet Malibu and agreeing to drive the car nonetheless. In a written post-arrest statement, the defendant attempted to recant her oral confession.

B. The Similar Act Offense

On November 17, 1997, the defendant transported a participant in a two kilogram of cocaine purchase, Nargen Caicedo, to a meeting with his co-conspirators at an Amoco gas station. The seller of the two kilograms of cocaine was an undercover officer. The Caicedo and the buyer of the cocaine were arrested after paying the money owed for the two kilograms of cocaine to the undercover officer at a nearby Home Depot store. Caicedo advised the arresting officers that the suppliers of the money to purchase the two kilograms of cocaine were waiting at the Amoco gas station. The defendant was amongst the persons found by the police at the Amoco gas station. The defendant waived her Miranda rights and denied knowledge of the cocaine transaction. The defendant claimed she was doing a favor for a friend by driving him to the gas station. The defendant was not arrested.

II. **EVIDENTIARY STANDARD FOR ADMISSIBILITY OF 404(B) SIMILAR ACT EVIDENCE.**

For extrinsic offense evidence to be admissible, the government must show:

(1) Pursuant to Federal Rule of Evidence 404(b), there is a proper purpose for admission of the extrinsic offense evidence other than to prove character;

(2) Pursuant to Federal Rules of Evidence 401 and 402, the extrinsic offense evidence is relevant, and

    (3)    Pursuant to Federal Rule of Evidence 403, the probative value of the extrinsic offense evidence is not substantially outweighed by the danger of unfair prejudice, confusion or waste of time.

Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 1502 (1988) (three admissibility factors and limiting jury instructions provide protection against unfair prejudice of extrinsic offense evidence; United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), cert. denied, 440 U.S. 920 (1979).

### A.   Probative Evidence Of A Contested Material Issue

"The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 1499 (1988) (emphasis added).

The defendant's intent to commit the indicted offense is a material issue for resolution by a jury at trial. The defendant's not guilty plea has placed her intent at issue and, therefore, relevant extrinsic offense evidence probative of this matter is admissible:

> [W]hen a defendant charged with conspiracy enters a not guilty plea, he makes intent a material issue in the case and imposes a substantial burden on the government. United States v. Roberts, 619 F.2d 379, 383 (5th Cir. 1980). Thus, the government may introduce extrinsic offenses which quality under 404(b) to prove defendant's state of mind, unless defendant takes affirmative steps to remove the issue of intent from the case.

United States v. Cardenas, 895 F.2d 1338, 1342 (11th Cir. 1990). "[T]he law in this circuit is that, in the context of a conspiracy case, the mere entry of a not guilty plea sufficiently raises the issue of intent to justify the admissibility of extrinsic offense evidence." United States v. Kopituk, 690 F.2d 1289, 1334 (11th Cir. 1982), cert. denied, 463 U.S. 1209 (1983). Accord, United States v. Nahoom, 791 F.2d 841, 845 (11th Cir. 1986); United States v. Nabors, 707 F.2d 1294, 1301 (11th Cir. 1983), cert. denied, 465 U.S. 1021 (1984).

-3-

Therefore, the extrinsic evidence is admissible for a proper purpose under Federal Rule of Evidence 404(b), because it is not offered to prove character, but because the similar act evidence is probative of the material issue of the defendant's criminal intent to commit the charged offenses. The first requirement for admissibility is satisfied.

B. Relevance

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Federal Rule of Evidence 401.

The indicted offenses and the extrinsic act are virtually identical and definitely establish that the defendant was not duped into participating in the indicted offenses but, instead, was a knowledgeable participant intent on committing the crimes:

(1) The similar act and the indicted offenses involved cocaine trafficking.

(2) In both offenses, the defendant transported an indispensable element for the completion of a drug deal. In the similar act, the defendant transported a participant in the similar act, and, in the indicted offenses, the defendant transported the cocaine.

(3) The defendant claimed to be ignorant of both cocaine transactions despite being present.

"A finding that the offenses involved the same state of mind renders the extrinsic offense relevant to an issue other than character because it lessens the likelihood that the defendant acted with lawful intent in connection with the charged offense." United States v. Kopituk, 690 F.2d at 1334; United States v. Beechum, 582 F.2d at 911 ("The reasoning is that because the defendant had unlawful intent in the extrinsic offense, it is less likely that he had lawful intent in the present offense").

The defendant's sole defense since her involvement was secured by her coconspirators and not an informant[1] is that she was duped into being a participant in the indicted offenses. Such a coincidence is unfathomable, that the defendant would be an unwitting dupe at the commission of two drug trafficking crimes. Such feigned innocence mandates the usage of similar act evidence to dispel a spurious defense.

Consequently, since the extrinsic act and the indicted crimes are virtually identical, have similar elements and involve the same state of mind, the extrinsic offense is probative of the defendant's intent to commit the charged offenses.

C.  Probative Value/Prejudice Balancing: Rule 403

The final requirement for admissibility is that the prejudicial effect of the extrinsic offense must not substantially outweigh its probative value under Federal Rule of Evidence 403.[2] United States v. Beechum, 582 F.2d at 911, 916-17. The analysis under Rule 403 calls for "a common sense assessment of all the circumstances surrounding the extrinsic offense." Id. at 914-15. See United States v. Terebecki, 692 F.2d 1345, 1349 (11th Cir. 1982).

Courts have recognized the difficulty of proving intent and have admitted extrinsic evidence when intent was at issue. "If the issue of intent is contested and the government lacks other strong evidence of intent, then the extrinsic offense evidence will likely possess great probative value, sufficient to outweigh any danger of unfair prejudice." United States

---

[1] Vicarious entrapment is not recognized by the Eleventh Circuit Court of Appeals as a valid defense. United States v. Mers 701 F.2d 1321, 1340 (11th Cir. 1983); United States v. Cardeon, 898 F. Supp. 1563, 1573 (S.D. Fla. 1995) (Highsmith, J.) (Defendant cannot avail himself of the entrapment defense unless initiator of his criminal activity was acting as an agent for the government).

[2] Federal Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

-5-

v. Kopituk, 690 F.2d at 1334. In Kopituk, the court recognized the difficulty of proving intent in conspiracy cases and stated, "[I]ntent is virtually always at issue in such cases and . . . extrinsic offense evidence is thus highly probative when it bears on that issue." United States v. Kopituk, 690 F.2d at 1335. "Extrinsic act evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Huddleston v. United States, 108 S.Ct. at 1499. Courts more readily admit extrinsic offense evidence when the defense claims the facts are arguably susceptible to an innocent explanation, or if intent is difficult to prove because the defendant was a minor or passive member of a conspiracy. United States v. Kopituk, 690 F.2d at 1335; United States v. Roberts, 619 F.2d at 383. "The greater the government's need for evidence of intent, the more likely that the probative value will outweigh any possible prejudice." United States v. Hicks, 798 F.2d at 451.

Rule 404(b) is a rule of inclusion, not exclusion. In tracing the legislative history of the rule, the Supreme Court has determined that "Congress was not nearly so concerned with the potential effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence." Huddleston v. United States, 108 S. Ct. at 1501. Moreover, the courts have been reluctant to exclude evidence under Rule 403.

> But Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence . . . In criminal trials relevant evidence is inherently prejudicial. The rule permits exclusion only when unfair prejudice substantially outweighs probative value.

United States v. Betancourt, 734 F.2d 750, 757 (11th Cir.), cert. denied, 469 U.S. 1076 (1984). Accord United States v. Terzado-Madruga, 897 F.2d 1099, 1117, 1119 (11th Cir. 1990); United States v. Norton, 867 F.2d 1354, 1361 (11th Cir.), cert. denied, 109 S.Ct.

-6-

3192 (1989). "The balance under the Rule, therefore, should be struck in favor of admissibility." United States v. Terzado-Madruga, 897 F.2d at 1117; accord United States v. Norton, 867 F.2d at 1361.

The truth finding process will be greatly facilitated because the similar act evidence vitiates the spurious defense of duped participant. As such, the probative value of the proffered evidence outweighs any potential prejudicial impact.

**CONCLUSION**

Wherefore, for the foregoing reasons, the United States of America respectfully requests the entry of an order denying the defendant's Motion In Limine to exclude similar act evidence.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel. (954) 356-7255
Fax (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand-delivered this 12th day of March 2001, to Nelson Rodriguez, Esquire, 6780 Coral Way, Miami, Florida 33155.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY