**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 00-6258-CR-FERGUSON/SNOW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) |
| | ) |
| LIDIA RAMOS, | ) |
| *Defendant.* | ) |
| _____ | ) |

## OBJECTIONS TO PRE-SENTENCE INVESTIGATION

Defendant, **LIDIA RAMOS**, by and through the undersigned attorney, and pursuant to Rule 88.8, General Rules of U.S.D.C., Southern District of Florida, Administrative Order 90-26 U.S.S.G., Section 6A1.2 (November, 1991), Rule 32, Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution, respectfully registers her objections to the Pre-Sentence Investigation (hereinafter "PSI"). In support thereof, Defendant states the following:

### I.    DEFENDANT OBJECTS TO PARAGRAPH 11 AND 18 WHICH MAKES NO ALLOWANCE FOR DEFENDANT'S MINIMAL ROLE IN THE OFFENSE

Defendant was recruited by Salvador in order to assist him in the transportation of the cocaine to the ultimate purchasers. Defendant had no knowledge or understanding of any of the details of the conspiracy. Although Defendant's willful ignorance was misplaced and resulted in the instant conviction it should be noted that she had very limited knowledge of the scope of the conspiracy or even the role of the others in the scheme.

Application note one states as follows:

- 1 -

> Subsection (a) applies to a defendant who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.

Defendant's participation and degree of knowledge can best be described as explained in the Federal Sentencing Guidelines Commission did in Application Note 2. It states as follows:

> It is intended that the downward adjustment for a minimal participant will be used infrequently. It would be appropriate, for example, for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as courier for a single smuggling transaction involving a small amount of drugs.

Clearly this Defendant had a very limited purpose. Her involvements in the case began when she got in the cocaine laden vehicle and ended minutes later at her arrest. This Defendant did not participate in negotiations, procurement of drugs, distribution or even proceeds. Instead, she was foolishly duped into the drug deal. Although she willfully ignored the fact she was transporting drugs. All she did was drive the vehicle with the drugs and nothing more.

## II. RAMOS MEETS THE SAFETY VALVE PROVISION AND SHOULD BE GIVEN A TWO-POINT REDUCTION

In the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, it the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5).

### SAFETY VALVE STATEMENT

The Defendant has supplied the following statement:

"I met Quastino Miguel Salvador approximately in 1998 or 1999. I met him at Bermuda Nightclub and Grill in Miami. I also met his girlfriend at the same nightclub. During the course of several weeks we interchanged phone numbers in order to arrange to all go out together. During the next couple of weeks I also met individuals like Hamlet Vargas. They were part of a Dominican Republic community, which included Hamlet's cousin, Juan, and others that frequented the nightclub. Even though my family advised me not to go to the nightclub, I kept going out. I now realize that they were right and that those people I met at the nightclub finished destroying my life.

As time passed, I became very good friends with Miguel's girlfriend, Carolina, and we became roommates. I lived with Carolina for approximately one year. On July of 2000, I moved back with my family since Salvador moved with Carolina. I moved away from the apartment approximately two (2) months after Salvador moved in with us. Despite moving out from the apartment I maintained a close friendship with them.

The day that the incident took place, I was in my house were I resided with my family. That day I was in my house babysitting Carolina and Miguel Salvador's baby. That morning I called Miguel Salvador to let them know I had to take them the baby because I had to go to the unemployment office. I went to their house to take the baby, and as I was leaving, Miguel Salvador asked me to do him the favor of going with him to get Hamlet's car. I went with him to get the vehicle and we took it home. At that point I did not think anything of it. After being at his house for a few minutes, he asked me to please take the car to another location. Salvador had been coming in and out of the house and I noticed he was sweating.

When he asked me to take the car to another location, I said to myself why doesn't he take it? I asked him and he responded that he did not want to take it so he wouldn't have problems with Hamlet. I noticed him different. I had met him a while back and I still didn't know what kind of job he had. I should have been more careful when he asked me to do him the favor. I thought that they might be something suspicious in the car. Even though I thought about it I did not check the car. As I was driving I felt I was doing something wrong and I felt I had to stop the car and check it

- 3 -

but I didn't do it. I wrongly placed my trust in Salvador. The result of this favor was my arrested and now in jail. I know I should have checked the car because what I feared as I was driving became a reality."

LIDIA RAMOS

Ramos meets the Safety Valve provision 18 U.S.C. § 3553(f) in that she did not play a managerial role in the present case. This was not a crime of violence. She has given a truthful statement both to law enforcement and to the probation officer. Finally, this Defendant does not have a criminal history at all. Accordingly, this court should find that the Defendant meets the criteria set forth in subdivision (1)-(5) of § 5C1.1 and reduce the offense level by two (2) levels.

Respectfully submitted,

_____
Nelson Rodriguez-Varela, Esq.
Counsel for Defendant
6780 Coral Way
Miami, Fl. 33155
Tel: (305) 261-4000
Fax: (305) 662-4067
Fl. Bar No. 876739

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 19 day of September, 2001 to:

Donald Chase, AUSA
500 East Broward Blvd.
Suite 700
Ft. Lauderdale, Florida 33394

Bridget A. Dinvaut, USPO
300 NE First Avenue
Room 315
Miami, Florida 33132-2126

BY:_____
Nelson Rodriguez-Varela, Esq.

- 4 -