IN THE

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

04-60262

CIV-GONZALEZ MAGISTRATE JUDGE
WHITE

LIDIA RAMOS,                          *

    Movant/Defendant,         *

vs.                                   *   Case No.: **00-6258-Cr-JAG**

UNITED STATES OF AMERICA,             *

    Respondent, Plaintiff.    *

*******************************

MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE

PURSUANT TO TITLED 28 U.S.C. § 2255

Now Comes, Lidia Ramos, Movant in the above styled case, a federal female prisoner acting Pro-Se without the assistance of counsel due to her poverty condition and with the help of another federal female prisoner **Yraida Leonides Guanipa**. Guanipa is not a lawyer, just an eruditor in matters of the law. Movant **timely** files this motion without a memorandum of law, a separate motion has been filed at the same of this, asking this honorable court to grant an enlargement of time to file the memorandum of law.

page -1-



## BACKGROUND

On August 24, 2000, DEA agents arrested Ramos in a cocaine
transaction between two confidential informants, a criminal
complaint was filed on August 25, 2000. An indictment was filed
on September 7, 2000. Movant move the case for trial. Movant
was found guilty and following sentenced to 120 months pursuant
to the Minimum Mandatory. A timely notice of appeal was filed,
and the conviction and sentence was affirmed at the 11th Cir.
Court of appeals on **March 26, 2003,** This **timely** motion followed.

## CLAIMS AND FACTS

1. Ineffective assistance of counsel for failure to file a motion
to dismiss indictment due to deffecteness because the indictment
does not state the means and facts of **"agreement"** require on a
conspiracy charge.

The indictment filed on September 7, 2000 against movant
**does not** state the elements of the conspiracy offense specifi-
cally **"the agreement"** made by movant to participate in the
conspiracy; neither the evidence of **counter surveillence**
presente during trial.

2. Ineffective assistance of counsel for advising movant to meet
with the agents for the purpose of determining whether she could

**page -2-**

provide substantial assistance to the government and therefore negotiate a plea agreement, movant's lawyer told movant that doing that was the only way that she could be get out on bond.

A bond was set and paid by movant, prior to movant release on bond, her counsel advised her that she must meet with the agents, otherwise she would not be release on bond, movant took her counsel advised and meet with the agents, which was a totally **asinine maneuver** by movant's counsel because her statement was used against her during trial.

3. Ineffective assistance of counsel by not been present during movant's interview with the agents, when he himself advised movant and consent the interview.

after advising movant to meet with agents, he was not present in the interview, even the judge panel from the 11th cir. stated in the ruling "We are **troubled** that Ramos's attorney was not present during the interview with Special Agents Parry and Schleffer..."; that was another **asinine maneuver** by movant's counsel, specially when he was present when movant's codefendant was interviewed by the agents.

4. Ineffective assistance of counsel by opening the door for the admission of the defendant's confession by advising her to meet with the agents.

**page -3-**

Common sense, professionalist and experince in matter of the laws tells us that advising a defendant to meet with agents for the purpose of determining whether she could provide substantial assistance to the government and therefore negotiate a plea agreement is opening the door for the admission of the defendant's confession, as had happened in this case, that agents testified during movant trial that she knew that cocaine was in the car.

5. Ineffective assistance of counsel for failure to explain the risk and benefits of a plea agreement.

After advising movant to meet with the agents, not been present in the interview, being aware of movant's only codefendant intention to plead guilty (movant's codefendant was represented by a movant's counsel's associate), further was aware of Katty Salvador (a movant's co-defendant dismissed from the case); the only remedy available to movant was to negotiate a plea agreement, movant's consel should had clearly explain movant with specify date about the risk of going to trial that the very low posibility of winning the case and the benefits of a plea agreement.

6. Ineffective assistance of counsel for failure to exercise professional judgment on behalf of his client.

You do not need to be a Rocky Scientific to know that advising a defendant to meet with agents for the purpose of determining

whether she could provide substantial assistance to the government
and therefore negotiate a plea agreement, not been present in the
interview, being aware of movant's codefendant's cooperation
with the government and movant's codefendant's intentions to
plead guilty and then take movant to trial is nothing but
**poor judgment.**

7. Ineffective assistance of counsel for failure to withdraw from
representation when it was a clear conflict of interest.

    a. Movant's counsel was an associate of counsel for a movant's
codefendant, a codefendant that had paid a much, very much higher
fee than movant, futher the associate counsel had presented
movant's codefendant's relatives prior to this case and was also
paid a very high fee, moreover, movant's codefendant was the
one who recommended movant's counsel to movant.

    b. Movant's counsel showed partiality to movant's codefendant
(even though he was not his counsel); and worked against movant's
interest when he was present when movant's codefendant was
interviewed by the agents and not being present when movant
was interviewed by the agents.

    c. Movant's counsel and his associated was influenced by
movant's associated was movant's codefendant paid better and
has a old relationship with the firm.

    d. Movant's counsel did not fully explore pleas negoatiotions
due to conflit of interest, the firm has to get a better offer

for the customer who pay more.

8. Ineffective assistance of counsel for failure to secure an expert witness on counter surveillence.

During movant's trial government introduced an evidence of knowledge using an agent and expert witness on counter surveillence, movant's counsel failed to secure an expert witness on counter surveillence to prove to the jury that his client was not conducting counter surveillence therefore did not have any knowledge of the conspiracy.

9. Ineffective assistance by improper cross-examination.

Due to movant's counsel improper cross-examination, the agent blurted out that movant told him that she knew cocaine was in the car, and movant's counsel neither moved for a mistrial nor requested a curative instruction; when he knew that the district court judge granted the defense motion to exclude other inculpatory statements made during the course of plea negotiations; instead, he continued to question the agent.

10. Ineffective assistance of counsel for failure to prepare movant to testify during trial on her own behalf.

Movant's counsel never told movant that he was going to have her to testify during trial on her own behalf, and just before resting the case for the defense, he asked the court for a break and gave movant a 10 minutes warning to testify in her own behalf, even though movant made an endeavor attemp to be truthful with the jury and the court, she should had been prepare for such an event, specially a 22 years old female.

11. Inefeective assistance of counsel for failure to act when movant advised him that the agents has been following her and her brother an law everywhere, after she was represented by a counsel and was awaiting trial.

Movant advised her counsel on numerous ocassions that the agents were following her and her brother in law everywhere, which is clear violation of movant's constitutional rights, because she was awaiting trial and she was represented by a counsel, movant's counsel failed to notified the court nor to take any action.

12. Ineffective assistance of counsel by advising movant to plea guilty just before sentencing and not before trial.

A few minutes before movant's sentencing hearing, movant's counsel advised her to plea guilty, a judgment that should had

been made before trial and not before sentencing.

13. Ineffective assistance of counsel for failure to research the law or been prepare for movant's sentence.

Movant's sister called movant's counsel for 4 months prior to movant's sentencing asking movant's counsel to prepare the necessary documents for sentencing, he failed to do and filed the P.S.I.'s objection 48 hours prior to movant's sentencing and on the objections he did not cite any legal case to support his claims.

14. Ineffective assistance of counsel for failure to made objections of the count imposition of fine.

Movant's P.S.I. plain and clear states that movant's could not pay any fine, however the court erroneously concluded that because movant's sentence was long, she could pay a fine, there is not law, nor data or history that states that a prisoner or a long sentence is a reason to impose a fine, and movant's counsel failed to made any objections to the court's findings.

15. Ineffective assistance of counsel for making numerous of non professional judgment during movant's trial.

Looking all the non professional judgement that movant's counsel made ; everyone must concluded that he was ineffective in this case  which it is a clear and plain violation of movant's constitutional rights.


Respectfully submitted;



Lidia Ramos.
Pro-Se


March 16, 2004.



I, Lidia Ramos , certify under penalty of perjury that all the above is tru and nothing but the true to the best of my knowledge.


Lidia Ramos.
Pro-Se


**page -9-**

### CERTIFICATE OF SERVICE

I, Lidia Ramos certify under penalty of perjury that she timely filed the foregoing document "Movant's Motion To Vacate, Set Aside Or Correct A Sentence Pursuant To Title 28 U.S.C. §2255". This March 16 2004, to the clerk of the court at 299 East Broward Blv. Fort Lauderdale, Florida 33301 and a true and correct copy was mailed the same day to the Assistant U.S. Attorney at 500 East Broward Blv. Seventh floor Fort Lauderdale, Florida 33301 the original was mailed to the clerk of the court by certified mail No.: **7003 0500 0005 2201 9437**, and return receipt and the copy was mailed by first class pre-paid mail.

Respectfully;

Lidia Ramos
Pro-Se

**page  -10-**